1  BENJAMIN ROSENBERG (pro hac pending)
   benjamin.rosenberg@dechert.com
2  DECHERT LLP
   1095 Avenue of the Americas
3  New York, NY 10036
   Telephone:     212.698.3622
4  Facsimile:      212.698.3599

5  H. JOSEPH ESCHER III (No. 85551)
   h.joseph.escher@dechert.com
6  DECHERT LLP
   One Bush Street, Suite 1600
7  San Francisco, California  94104
   Telephone:     415.262.4500
8  Facsimile:      415.262.4555

9  Attorneys for Dechert LLP.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

14  IN RE APPLICATION OF EURASIAN           Case No. 3:18-mc-80041-LB
    NATURAL RESOURCES CORPORATION
15  LTD.,                                    **DECHERT LLP'S NOTICE OF
                                             MOTION AND MOTION TO
16            Applicant.                     PARTICIPATE IN DISCOVERY
                                             PROVIDED PURSUANT TO 28 U.S.C. §
17                                           1782, AND MEMORANDUM OF
                                             POINTS AND AUTHORITIES IN
18                                           SUPPORT THEREOF**

19

20                                           **Date:  April 19, 2018
                                             Time:  9:30 a.m.**
21                                           **Dept:  Courtroom C
                                             Judge: Honorable Laurel Beeler**
22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page(s)**

NOTICE OF MOTION AND MOTION ........................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

PRELIMINARY STATEMENT ..................................................................................... 1

FACTUAL BACKGROUND ........................................................................................... 2

ARGUMENT ..................................................................................................................... 3

    I.     DECHERT HAS STANDING TO PARTICIPATE IN DISCOVERY
          UNDER 28 U.S.C. §1782 THAT IS SOUGHT FOR THE EXPRESS
          PURPOSE OF BRINGING CLAIMS AGAINST IT ............................................. 3

    II.    IN THE ALTERNATIVE, THE COURT SHOULD ALLOW DECHERT
          TO INTERVENE AND PARTICIPATE IN DISCOVERY IN THESE
          PROCEEDINGS ......................................................................................................... 5

          1.     Dechert Has the Right to Intervene Under Rule 24(a) ............................. 5

          2.     Dechert Should Be Permitted to Intervene Under Rule 24(b) ................... 8

    III.   ANY DISCOVERY OBTAINED IN THIS PROCEEDINGS SHOULD BE
          PROVIDED TO DECHERT .................................................................................... 10

CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
   966 F.2d 470 (9th Cir. 1992)..................................................................8

*California v. Health & Human Services*,
   No. 17-CV-05783-HSG, 2018 WL 574882 (N.D. Cal. Jan. 26, 2018)..................................5, 8

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*,
   647 F.3d 893 (9th Cir. 2011)..................................................................6, 7

*Doe v. Harris*,
   No. C12-5713, 2013 WL 140053 (N.D. Cal. Jan. 10, 2013) ................................8

*In re Application of Hill*,
   No. 05CV999996, 2007 WL 1226141 (S.D.N.Y. Apr. 23, 2007) ...........................10

*In re Baycol Prod. Litig.*,
   No. MDL1431, 2003 WL 22331293 (D. Minn. May 6, 2003) ................................10

*In re Grupo Unidos Por El Canal S.A.*,
   No. 14-mc-80277, 2015 WL 1815251 (N.D. Cal. Apr. 21, 2015).........................8, 9

*In re Hornbeam Corp.*,
   No. 1:14-mc-00424, 2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015) ................................4, 10

*In re Letter of Request from Crown Prosecution Serv. of United Kingdom*,
   870 F.2d 686 (D.C. 1989) ...........................................................3

*In re Linerboard Antitrust Litig.*,
   333 F. Supp. 2d 333 (E.D. Pa. 2004) ...........................................................10

*In re Rivada Networks*,
   230 F. Supp. 3d 467(E.D. Va. 2017) ...........................................................4, 10

*In re Republic of Ecuador*,
   No. C-10-80225, 2011 WL 736868 (N.D. Cal. Feb. 22, 2011) ................................3

*In re Request For Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*,
   555 F.2d 720 (9th Cir. 1977)..................................................................3

*Kuwait Inv. Auth. v. Sarrio S.A. (In re Sarrio, S.A.)*,
   119 F.3d 143 (2d Cir. 1997) ...........................................................3, 7

ii

DECHERT LLP
ATTORNEYS AT LAW

*Northwest Forest Res. Council v. Glickman*,
  82 F.3d 825 (9th Cir. ), *as amended on denial of reh'g* (May 30, 1996) ...................................6

*South Pac. Co. v. City of Portland*,
  221 F.R.D. 637 (D. Or. 2004) ................................................................................................8

*Southwest Ctr. for Biological Diversity v. Berg*,
  268 F.3d 810 (9th Cir. 2001).................................................................................................5

*Trbovich v. United Mine Workers of America*,
  404 U.S. 528 (1972).............................................................................................................7

*United States v. Carpenter*,
  298 F.3d 1122 (9th Cir. 2002)..............................................................................................6

**Statutes/Rules**

28 U.S.C. § 1782(a) .......................................................................................................................2

Fed. R. Civ. P. 24(a)..............................................................................................................1, 5

Fed. R. Civ. P. 24(b)(3)........................................................................................................1, 8

Fed. R. Civ. P. 45 ......................................................................................................................1

## NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that, on April 19, 2018, at 9:30 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Laurel Beeler, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Dechert LLP ("Dechert") will and hereby does move the Court, pursuant to Federal Rules of Civil Procedure 24 and 45 for an order permitting Dechert to appear in this proceeding for the limited purpose of obtaining any documents and deposing the witness produced in response to the subpoena served by Applicants Eurasian Natural Resources Corporation Ltd. ("Applicant" or "ENRC") on Danny Fortson ("Fortson"). This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the argument of counsel, all pleadings, records and papers on file, and such other matters that may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Applicant has submitted an Application under 28 U.S.C. § 1782 (the "Application"), seeking to serve a Rule 45 subpoena on Fortson for the production of documents and deposition testimony. Applicants have explicitly stated that they seek such discovery "for use in a contemplated action in the United Kingdom," and that the discovery "is relevant to potential claims that ENRC is reasonably likely to bring [against Dechert]." Application (ECF 1) 1:26-27, 2:19-20. According to Applicant, it seeks discovery to "establish a claim that Dechert LLP violated its duty to safeguard confidential information." *Id*. 3:9-10. The Application is currently before the Court. To date, no notice of these proceedings has been provided to Dechert. Dechert has learned of these proceedings through the media.

As described in detail below, controlling precedents require that Dechert – as the party against whom Applicant seeks to deploy the discovery obtained from Fortson in its threatened lawsuit – is entitled (a) to receive copies of any and all documents produced by Fortson to Applicant; (b) to attend and participate in any deposition(s) of Fortson taken by Applicant and to

1    depose Forston; (c) to be served with all notices, pleadings, submissions, correspondence, and

2    other materials submitted or exchanged in these proceedings; and (d) to obtain such further relief

3    as may be proper.

4                                  **FACTUAL BACKGROUND**

5           By Application dated February 23, 2018, Applicant filed an Application for Discovery for

6    Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (the "Application") (ECF 1).  Section

7    1782 permits a court to authorize discovery "for use in a proceeding in a foreign or international

8    tribunal . . . in accordance with the Federal Rules of Civil Procedure."  28 U.S.C. § 1782(a).  The

9    Application seeks to serve Fortson a subpoena for documents and testimony related to a letter

10   written by Dechert to ENRC that Fortson obtained, the contents of which was reflected in an

11   article he wrote that was published in *The Sunday Times*.  Application (ECF 1) 2:24-26; 3:13-14.

12          ENRC had previously retained Dechert LLP to provide legal services relating to the

13   investigation of a whistleblower's claim that one or more ENRC subsidiaries engaged in

14   wrongdoing.  ENRC eventually terminated the retainer, and Dechert wrote a letter to ENRC

15   concerning the termination of the retainer.  *Id.* 2:19-24.  This letter was later leaked to Fortson,

16   who used it to write an article published in *The Sunday Times,* which revealed the contents of the

17   letter.  *Id.* 2:23-28.  The article recounted that the letter contained allegations of ENRC

18   misconduct, including evidence that documents had been falsified and destroyed, use of

19   electronic wiping tools by employees, payments to African presidents, and creation of a false

20   office. Boyd Decl., Ex. A. Applicant expressly seeks this discovery for use against Dechert "in a

21   contemplated action in the United Kingdom," and asserts the discovery "is relevant to potential

22   claims that ENRC is reasonably likely to bring [against Dechert]." Application (ECF 1) 1:26-27,

23   2:19-20.

24          According to Applicant, it seeks discovery to "establish a claim that Dechert LLP violated

25   its duty to safeguard confidential information" that was contained in the letter. *Id.* 2:28-3:7; 3:9.

26   Applicant's subpoena seeks certain categories of documents from Fortson, including "[a]ll

27   documents reflecting or constituting communications with and all documents received from

28

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO PARTICIPATE IN DISCOVERY   Case No.
3:18-mc-80041-LB

1   Dechert . . . which refer or relate in any way to ENRC . . . ."  and "[a]ll documents describing,

2   reflecting, or constituting communications between Dechert LLP and ENRC, and all documents

3   constituting transmittals or containing any discussion of such communications." Boyd Decl., Ex.

4   B.  The subpoena also seeks deposition testimony of Fortson.  *Id.*  Despite making serious

5   allegations before this Court that Dechert "violated its duty" to Applicant to safeguard its

6   confidential information, the publishing of which was "highly prejudicial" to ENRC, Applicant

7   did not serve their Application (or accompanying submissions) on Dechert.  Application (ECF 1),

8   3:7-10.  Dechert has not received any notice of these proceedings but instead learned of them only

9   through the media.  If and when Applicant brings its threatened claim, Dechert will respond as

10  appropriate to its allegations in that forum.

11          However, because Applicant has served its discovery on Fortson for the express purpose

12  of gathering materials to use in a claim against Dechert, it is fair and appropriate that Dechert be

13  allowed to obtain copies of any documents and to participate in the deposition of Fortson in

14  response to Applicant's Subpoena.  At this juncture, Dechert takes no position on the propriety of

15  the discovery sought by Applicant in its Subpoena, nor on any arguments or defenses that Fortson

16  may raise in response to the Subpoena.

17                                    **ARGUMENT**

18  **I.     DECHERT HAS STANDING TO PARTICIPATE IN DISCOVERY UNDER 28**
    **U.S.C. §1782 THAT IS SOUGHT FOR THE EXPRESS PURPOSE OF BRINGING**
19  **CLAIMS AGAINST IT**

20          The federal courts have repeatedly held that where discovery is sought under 28 U.S.C. §

21  1782, the party against whom the discovery is to be used has standing to participate in the

22  proceedings, and to object to the discovery itself.  As the Ninth Circuit has explained, "[t]he party

23  against whom [discovery is] to be used has standing to challenge the validity of the order . . . to

24  produce the records." *In re Request For Judicial Assistance from Seoul Dist. Criminal Court,*

25  *Seoul, Korea*, 555 F.2d 720, 723 (9th Cir. 1977). *See also Kuwait Inv. Auth. v. Sarrio S.A. (In re*

26  *Sarrio, S.A.*), 119 F.3d 143, 148 (2d Cir. 1997) ("[A] party against whom the requested

27  information is to be used has standing to challenge the validity of such a subpoena on the ground

28

                                            3

1  that it is in excess of the terms of . . . § 1782."); *In re Republic of Ecuador*, No. C-10-80225 ,

2  2011 WL 736868, at *10, n.2 (N.D. Cal. Feb. 22, 2011) ("Although Chevron did not move to

3  intervene, it has standing as a party to the underlying litigation to object to discovery sought from

4  third parties"); *In re Letter of Request from Crown Prosecution Serv. of United Kingdom*, 870

5  F.2d 686, 689 (D.C. 1989) ("One against whom information obtained under Section 1782 may be

6  used, has standing to assert that, to his detriment, the authority for which the section provides is

7  being abused.").

8  For instance, in *In re Hornbeam Corp.*, No. 1:14-mc-00424, 2015 WL 13647606

9  (S.D.N.Y. Sept. 17, 2015), *aff'd sub nom., Symeou v. Hornbeam Corp.* (*In re Hornbeam Corp.*),

10  No. 17-658-CV, 2018 WL 416486 (2d Cir. Jan. 16, 2018), the party against whom the discovery

11  was to be used moved to intervene and challenge a subpoena in proceedings brought under 20

12  U.S.C. § 1782.  The court stated that because the movant had "standing to challenge the issuance

13  of  § 1782 subpoenas . . .  it does not appear necessary for me to determine whether [the movant]

14  satisfies the requirements for intervention of right or permissive invention."  *Id*. at *2 (citing *In re*

15  *Sarrio, S.A.*, 119 F.3d at 148).  Nonetheless, the court held that to the extent any ruling on

16  intervention was required, the movant easily satisfied the standards for permissive intervention,

17  given that the movant was the intended target of the discovery materials sought by the Applicant

18  in that case.  *Id*.; *see also In re Rivada Networks*, 230 F. Supp. 3d 467, 471-74 (E.D. Va. 2017)

19  (holding "Altan Redes may intervene in this matter, as it is well-settled that a 'part[y] against

20  whom the requested information will be used . . . has standing to challenge the issuance of § 1782

21  subpoenas.'" and Altan Redes should have received notice of both subpoenas and depositions)

22  (internal citation omitted).

23  Although Dechert of course reserves the right to object to the use of any materials

24  obtained by Applicant in the claim it intends to commence, Dechert does not currently intend to

25  lodge its own objections to Applicant's discovery requests in this proceeding.  Rather, Dechert

26  simply seeks to participate in any discovery – *i.e.*, to receive any and all documents and/or other

27  discovery materials produced by Fortson, to attend any depositions taken of Fortson, and to

28

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO PARTICIPATE IN DISCOVERY   Case No.
3:18-mc-80041-LB

depose Forston itself.  Just as Dechert has standing to object to Applicant's discovery, Dechert has standing to participate in such discovery, and this Court should grant Dechert's motion that it be allowed to do so.  Dechert submits that this Court may issue an order allowing Dechert to participate in such discovery even without a formal order of intervention.

## II.  IN THE ALTERNATIVE, THE COURT SHOULD ALLOW DECHERT TO INTERVENE AND PARTICIPATE IN DISCOVERY IN THESE PROCEEDINGS

In the event the Court deems intervention necessary for Dechert to participate in discovery in these proceedings, then Dechert moves the Court for an order pursuant to Federal Rule of Civil Procedure 24, specifically allowing Dechert to intervene and participate in discovery in these proceedings.

Rule 24 is "broadly interpreted in favor of intervention." *California v. Health & Human Services,* No. 17-CV-05783-HSG, 2018 WL 574882, at *4 (N.D. Cal. Jan. 26, 2018) (quoting *Citizens for Balanced Use v. Mont. Wilderness Ass'n,* 647 F.3d 893, 897 (9th Cir. 2011)).  Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene as true absent sham, frivolity or other objections.  *Southwest Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 820 (9th Cir. 2001). As set forth below, Dechert meets the requirements to intervene as of right under Federal Rule 24(a), as well as the requirements for permissive intervention under Rule 24(b).

### 1.  Dechert Has the Right to Intervene Under Rule 24(a)

Dechert has the right to intervene in these proceedings under Federal Rule of Civil Procedure 24(a).  According to Rule 24(a) (2):

> [T]he court must permit anyone to intervene who:  claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A party is granted intervention as of right when four conditions are met:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the

5

1   action; (3) the disposition of the action may, as a practical matter, impair or
2   impede the applicant's ability to protect its interest; and (4) the existing parties
     may not adequately represent the applicant's interest.

3   *Citizens for Balanced Use v. Mont. Wilderness Ass'n,* 647 F.3d 893, 897 (9th Cir. 2011) (citing
4   *Prete v . Bradbury,* 438 F.3d 949, 954 (9th Cir. 2006)). Dechert meets all four requirements for
5   intervention as of right.

6       **First**, Dechert's motion is timely. The Ninth Circuit considers three criteria in determining
7   whether a motion to intervene is timely: (1) the stage of the proceedings; (2) whether the parties
8   would be prejudiced; and (3) the reason for any delay in moving to intervene. *Northwest Forest*
9   *Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. ), *as amended on denial of reh'g* (May 30,
10  1996).

11      These timeliness requirements are met. To begin with, Dechert has moved to intervene at
12  the very beginning of the proceedings. Dechert is filing this Motion shortly over two weeks after
13  the filing of the Application. *See* Application ECF 1 (filing date of 2/23/2018). Indeed, to the
14  best of Dechert's knowledge, Fortson, the recipient of the subpoena, has not yet appeared in these
15  proceedings as of the date of this submission. Dechert's motion is timely by any standard.
16  *Citizens for Balanced Use*, 647 F.3d at 897 ("Applicants filed their motion to intervene in a
17  timely manner, less than three months after the complaint was filed and less than two weeks after
18  the Forest Service filed its answer to the complaint."); *United States v. Carpenter*, 298 F.3d 1122,
19  1125 (9th Cir. 2002) (finding that a motion to intervene was timely even though it was filed 18
20  months after the commencement of a case).

21      Furthermore, there is no prejudice to Applicant or Fortson because Dechert simply seeks
22  copies of the discovery, to attend Applicant's deposition of Forston, and to depose Fortson; this
23  will impose an insignificant burden on Fortson, as he must already produce the same materials to
24  Applicant and be deposed by Applicant. Rather, if Dechert's motion is not granted, then Dechert
25  will clearly be prejudiced if it cannot obtain discovery that will be used against it in a lawsuit.
26  Moreover, Dechert's motion is filed before the Court has made any substantive rulings. *Northwest*
27  *Forest Res. Council*, 82 F.3d at 837 (finding no prejudice to either party since the motion was
28

DECHERT LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO PARTICIPATE IN DISCOVERY   Case No.
3:18-mc-80041-LB

1  filed before the district court made any substantive rulings.). Finally, although there was no delay

2  in intervening, no formal notice has been provided to Dechert of these proceedings.  Rather, as

3  stated above, Dechert learned of these proceedings only through the media and acted

4  expeditiously to intervene once learning of them.

5       *Second*, Dechert has a direct interest in the discovery that is the subject of the Application.

6  To demonstrate a significant protectable interest, an applicant must establish that the interest is

7  protectable under some law and that there is a relationship between the legally protected interest

8  and the claims at issue. *Citizens for Balanced Use*, 647 F.3d 893at 897 .  Courts have

9  acknowledged that intervenors have a legally protectable interest in such matters; this interest

10  permits intervenors to contest such discovery orders.  *See*, *e.g.*, *In re Sarrio, S.A.*, 119 F.3d at 148.

11  Here, although Dechert was not subpoenaed, the subpoenaed discovery is intended for use against

12  Dechert in a future lawsuit.  Dechert plainly has a direct, substantial, and legally protectable

13  interest in the discovery.

14       *Third*, if only the Applicant, and not Dechert, can obtain the 28 U.S.C. § 1782 discovery,

15  then Applicant will gain an unfair advantage against Dechert in the future proceedings.  Dechert

16  will be denied access to information that may help or harm its case, which Applicant will be able

17  to freely use – or not use – against Dechert.  Thus, unless Dechert is granted the relief it seeks in

18  this motion, Dechert's ability to protect its interests will, as a practical matter, be impaired or

19  impeded.

20       *Fourth*, Dechert's interests in this matter are not adequately represented and protected by

21  the current parties to this action:  Applicant and Fortson.  The last requirement for intervention as

22  of right (*i.e*, showing that the applicant's interest is not adequately represented by the other

23  parties) "is satisfied if the applicant shows that  representation of his interest 'may be' inadequate;

24  and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine*

25  *Workers of America*, 404 U.S. 528, n.5 (1972).  Here, there is no "existing party" to represent

26  Dechert's interests.  To the contrary, Applicant has commenced these proceedings for the express

27  purpose of enabling them to commence a lawsuit against Dechert.  Nor is there any reason to

28

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO PARTICIPATE IN DISCOVERY   Case No. 3:18-mc-80041-LB

1  think that Forston will represent any interests other than his own or his current or former

2  employer in this matter.  Absent intervention, Dechert's interests are not represented at all, let

3  alone adequately represented.

4       Accordingly, Dechert meets all of the requirements for intervention as of right under Rule

5  24(a)(2).  The Court should therefore grant Dechert's motion.

6       **2.      Dechert Should Be Permitted to Intervene Under Rule 24(b)**

7       In the alternative, the Court should grant Dechert permissive intervention under Federal

8  Rule of Civil Procedure 24(b).

9       Federal Rule of Civil Procedure 24(b) governs permissive intervention. The Ninth Circuit

10  has held that permissive intervention to litigate a claim on the merits under Rule 24(b) requires

11  (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of

12  law and fact between the movant's claim or defense and the main action. *Beckman Indus., Inc. v.*

13  *Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). "In exercising its discretion" on this issue, "the

14  court must consider whether the intervention will unduly delay or prejudice the adjudication of

15  the original parties' rights." Fed. R. Civ. P. 24(b)(3); *Health & Human Servs.*, 2018 WL 574882,

16  at *4.

17       Courts have broad discretion to grant permissive intervention.  *Doe v. Harris,* No. C12-

18  5713, 2013 WL 140053, at *2 (N.D. Cal. Jan. 10, 2013); *see, e.g., In re Grupo Unidos Por El*

19  *Canal S.A.*, No. 14-mc-80277, 2015 WL 1815251, at *6 (N.D. Cal. Apr. 21, 2015) (granting

20  motion where Applicant had "not credibly identified any prejudice or undue delay it will suffer as

21  a result of . . . intervention"); *Harris*,  2013 WL 140053, at *2  (granting permissive

22  intervention).

23       Dechert meets the requirements for permissive intervention under Rule 24(b)(2).  First,

24  because Dechert is not seeking to litigate a claim on the merits, but rather merely to participate in

25  discovery, an independent jurisdictional basis is not needed.  *See Beckman Indus.,* 966 F.2d at

26  473  ("[A]n independent jurisdictional basis is not required because intervenors do not seek to

27  litigate a claim on the merits."); *South Pac. Co. v. City of Portland,* 221 F.R.D. 637, 643 (D. Or.

28

8

1   2004) (where proposed interveners do not seek to litigate a claim on the merits, an independent

2   jurisdictional basis is not needed).  Regardless, the sole issue in this proceeding is ENRC's

3   application for discovery pursuant to 28 U.S.C. § 1782, which establishes federal question

4   jurisdiction.  *In re Grupo Unidos* , 2015 WL 1815251, at *4 ("GUPC does not dispute that ACP

5   meets the jurisdictional requirement. Indeed, the court exercises federal question jurisdiction over

6   GUPC's application for discovery pursuant to 28 U.S.C. § 1782, which is the sole issue in this

7   proceeding.") (citing *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843-44 (9th

8   Cir. 2011) (jurisdictional requirement stems from "concern that intervention might be used to

9   enlarge inappropriately the jurisdiction of the district courts," which "does not apply ... in federal-

10  question cases when the proposed intervenor is not raising new claims")).

11          Next, as set forth above, Dechert's motion is timely.  Dechert has moved to intervene at

12  the very beginning of the proceedings, and is filing this Motion shortly over two weeks after the

13  filing of the Application. *See* Application ECF 1 (filing date of 2/23/2018).  It also shares

14  common questions of law and fact with the main action.  The explicit purpose of Applicant's

15  commencement of this action is to obtain documents for use in the claims it plans to bring against

16  Dechert in the United Kingdom, and Dechert's motion seeks only to participate in discovery

17  under Applicant's Application. *See In re Grupo Unidos*, 2015 WL 1815251, at *5 (motions to

18  intervene indisputably shared many common questions of law and fact with Applicant's

19  underlying Section 1782 application, i.e., whether Applicant's request for discovery meets the

20  statutory requirements of 28 U.S.C. § 1782, and, if so, whether the discretionary factors counsel

21  in favor of granting application). Dechert therefore satisfies Rule 24(b)'s commonality

22  requirement.

23          Intervention will not unduly delay or prejudice the rights of the current parties. Dechert

24  makes this motion in order to obtain discovery obtained by Applicant and not to contest the

25  Order.  Dechert does not inject new issues into the dispute, make the same arguments as an

26  existing party, or seek to unnecessarily prolong a proceeding.  *See In re Grupo Unidos* , 2015 WL

27  1815251, at *5  (finding no prejudice or undue delay after consideration of those factors).

28

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO PARTICIPATE IN DISCOVERY   Case No. 3:18-mc-80041-LB

1  Allowing Dechert to participate in the discovery will not cause any delay or prejudice to

2  Applicant or Fortson, and will protect Dechert's own rights and interests in this matter.

3      Thus, to the extent that the Court determines that Dechert must intervene in these

4  proceedings to obtain any documents and attend the deposition of any witness produced by

5  Fortson, then the Court should grant Dechert's alternative request to intervene in this case under

6  Rule 24(b).  *See, e.g., In re Hornbeam Corp.*, 2015 WL 13647606, at * 2 (finding that to the

7  extent a ruling on intervention was required, then all of the requirements for permissive

8  intervention were met by the movant, against whom the discovery sought under Section 1782 was

9  to be used).

10 **III.    ANY DISCOVERY OBTAINED IN THIS PROCEEDINGS SHOULD BE
          PROVIDED TO DECHERT**

11

12      If, for any legitimate reason, Dechert is not able to participate in the discovery in these

13 proceedings at the same time and in the same manner as Applicant (*e.g.*, if Forston produces the

14 documents to and/or is deposed by Applicant before the Court can rule on this Motion), the Court

15 should order Applicant to produce any and all documents or other discovery materials obtained in

   these proceedings to Dechert.

16      This is particularly so in the event that the Court rules that Dechert must intervene in this

17 action to participate in discovery and the Court grants Dechert's request in the alternative for such

18 intervention.  It is well-established that intervenors in an action under Section 1782 are permitted

19 to obtain copies of the materials produced in the proceedings.  *See, e.g., In re Rivada Networks*,

20 230 F. Supp. 3d at 474 ("It is also appropriate to require [Applicant] to permit [intervenor] to

21 inspect any documents or tangible things produced pursuant to the subpoena issued by the

22 magistrate judge."); *In re Application of Hill*, No. 05CV999996, 2007 WL 1226141, at *1

23 (S.D.N.Y. Apr. 23, 2007) (permitting intervenor in § 1782 Application to serve subpoenas on

24 third parties for same materials requested by petitioners); *see also In re Baycol Prod. Litig.*, No.

25 MDL1431, 2003 WL 22331293, at *6 (D. Minn. May 6, 2003) ("grant[ing] the Canadian

26 Plaintiffs' motion to intervene [in U.S. litigation] only to the extent that they seek access to

27 documents already produced"); *In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333, 335 (E.D.

28

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO PARTICIPATE IN DISCOVERY   Case No.
3:18-mc-80041-LB

Pa. 2004) (granting foreign entity's motion to intervene in U.S. class action litigation under Rule 24 and amending the confidentiality order governing the matter to allow the foreign entity to "access discovery materials in [the] case").

Accordingly, if Dechert is unable to participate in the discovery at the same time and in the same manner as Applicant, the Court should order Applicant to produce copies of any and all documents and other discovery materials (including, without limitation, any transcripts of deposition testimony) that they obtain in these proceedings.

## <u>CONCLUSION</u>

For the foregoing reasons, Dechert respectfully requests that the Court grant its Motion to Intervene and Participate in Discovery in these proceedings.


Dated: March 12, 2018                    Respectfully submitted,

                                          DECHERT LLP


                                          */s/ H. Joseph Escher III*
                                          H. JOSEPH ESCHER III
                                          Attorneys for Dechert LLP

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO PARTICIPATE IN DISCOVERY   Case No. 3:18-mc-80041-LB