DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE (CA State Bar No. 141930)
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

DAVIS WRIGHT TREMAINE LLP
DAN LAIDMAN (CA State Bar No. 274482)
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800
Email: danlaidman@dwt.com

Attorneys for Non-Party Journalist
DANNY FORTSON

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of<br><br>EURASIAN NATURAL RESOURCES CORP., LTD.,<br><br>Applicant. | Case No. 18-mc-80041-LB<br>Assigned to the Hon. Laurel Beeler<br><br>**DECLARATION OF DAN LAIDMAN IN SUPPORT OF RESPONSE OF NON-PARTY JOURNALIST DANNY FORTSON TO MOTION OF DECHERT LLP TO PARTICIPATE IN DISCOVERY; EXHIBIT A**<br><br>Hearing Date: June 28, 2018<br>Time: 9:30 a.m.<br>Department: Courtroom C |

1. I, Dan Laidman, declare and state as follows:

1. I am an attorney admitted to practice before all the courts of the State of California and before this Court. I am an associate in the law firm of Davis Wright Tremaine LLP and am one of the attorneys representing non-party journalist Danny Fortson in this matter. The matters stated herein are true of my own personal knowledge and I could competently testify to them if called as a witness. I make this declaration in support of Mr. Fortson's Response to the Motion of Dechert LLP for an order permitting it to appear in this proceeding to participate in discovery.

2. Attached as **Exhibit A** is a true and correct copy of Mr. Fortson's Objections to the Subpoena that he received from Eurasian Natural Resources Corporation Ltd. ("ENRC"). On May 21, 2018, I caused the Objections to be served on counsel for ENRC and Dechert.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed this 6th day of June, 2018, in Los Angeles, California.

                                         */s/ Dan Laidman*
                                         Dan Laidman

DAVIS WRIGHT TREMAINE LLP

DECLARATION OF DAN LAIDMAN
4843-4800-1383v.1 0045750-000006

# EXHIBIT A

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE (CA State Bar No. 141930)
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

DAVIS WRIGHT TREMAINE LLP
DAN LAIDMAN (CA State Bar No. 274482)
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800
Email: danlaidman@dwt.com

Attorneys for Non-Party Journalist
DANNY FORTSON

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of<br><br>EURASIAN NATURAL RESOURCES CORP., LTD.,<br><br>Applicant. | Case No. 18-mc-80041-LB<br><br>**OBJECTIONS OF NON-PARTY JOURNALIST DANNY FORTSON TO DEPOSITION SUBPOENA AND DEMAND FOR PRODUCTION OF DOCUMENTS** |

Non-party journalist Danny Fortson hereby objects to the "Subpoena To Testify At A Deposition In A Civil Action" (the "Subpoena") that Eurasian Natural Resources Corporation Ltd. ("ENRC") served on him seeking the production of documents and the deposition of Mr. Fortson on June 7, 2018.[1]

## I. GENERAL OBJECTIONS

1. Mr. Fortson objects to the Subpoena because the deposition was scheduled unilaterally and he is not available on June 7, 2018.

---

[1] The Court's Order of March 30, 2018 sets forth the procedure by which Mr. Fortson will move to quash the Subpoena. See ECF No. 9. By serving these Objections, Mr. Fortson does not limit any of his legal defenses, claims, rights, privileges, remedies, objections, or responses to the Subpoena, all of which are expressly reserved.

-1-

2. Mr. Fortson objects to the Subpoena as unduly burdensome and oppressive to the extent it purports to impose any requirement or discovery obligation other than or beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, the Court's Standing Order, or other applicable rules of court.

3. Mr. Fortson objects to the Subpoena to the extent it seeks disclosure of information, communications, and/or documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, doctrine, or immunity. To the extent that it may be construed as seeking such privileged or protected information, Mr. Fortson hereby claims such privilege and invokes such protection. The fact that Mr. Fortson does not specifically object to an individual request on the ground that it seeks such privileged or protected information or documents shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege or protection.

4. The Subpoena purports to seek unpublished editorial information that Mr. Fortson gathered for dissemination to the public as a journalist employed by a newspaper, *The Sunday Times*. Accordingly, Mr. Fortson objects to the Subpoena to the extent that it calls for the disclosure of information protected from compelled disclosure by the reporters' privilege under the First Amendment to the United States Constitution and the California Constitution; the California shield law (Article I, § 2(b) of the California Constitution and California Evidence Code § 1070); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information. *See also* ECF No. 9, 3/30/18 Order at 6-7 (recognizing that "ENRC's request may be unduly intrusive or burdensome if Mr. Fortson were to invoke the journalist's privilege" and noting that the Court's order allowing issuance of the Subpoena "is, of course, without prejudice to Mr. Fortson's right to move to quash the subpoena on the grounds of journalist's privilege (or for any other valid reason).").

5. Mr. Fortson objects to the Subpoena to the extent that it seeks documents not in his possession, custody, or control; documents that already are in ENRC's possession, custody, or control; and/or documents that are accessible to ENRC through other sources.

6. Mr. Fortson objects to the Subpoena to the extent that it seeks confidential and proprietary business information and/or information protected by the right of privacy under the U.S. Constitution, federal law, California law, the laws of the United Kingdom or Europe, or any other privacy right.

7. Mr. Fortson objects to the Subpoena to the extent that it seeks discovery regarding matters that are not relevant to the subject matter of the contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence.

8. Mr. Fortson objects to the Subpoena to the extent that its requests are vague, ambiguous, and/or overbroad, and therefore unduly burdensome.

9. By objecting to this Subpoena, Mr. Fortson is not acknowledging the existence of any responsive documents.

10. The foregoing objections and qualifications apply to each and every request made in the Subpoena, and are incorporated by reference to the extent applicable in each of the specific responses set forth below as though fully set forth there. The failure to mention one of the foregoing objections in any of the specific responses set forth below shall not be deemed a waiver of such objection or qualification.

## II. SPECIFIC OBJECTIONS

REQUEST FOR PRODUCTION NO. 1

All documents reflecting or constituting communications with and all documents received from Dechert LLP or any of its members, employees, agents, or anyone else acting on their instructions or on their behalf, which refer or relate in any way to ENRC or any of its subsidiaries or affiliates.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Mr. Fortson incorporates by reference the above General Objections. Mr. Fortson further specifically objects to this request to the extent that it calls for information and/or documents protected by the reporters' privilege under the First Amendment to the United States Constitution and the California Constitution; the California shield law (Article I, § 2(b) of the California Constitution and California Evidence Code § 1070); the common law; and related protections

-3-

under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information. Mr. Fortson further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. Mr. Fortson further specifically objects to this request to the extent that it includes material that is confidential, proprietary, and/or invasive of personal privacy. Mr. Fortson further specifically objects to this request to the extent that it seeks documents that are not relevant to the subject matter of the contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence. Mr. Fortson further specifically objects to this request to the extent that it seeks documents not in his possession, custody, or control; documents that already are in ENRC's possession, custody, or control; and/or documents that are accessible to ENRC through other sources.

Mr. Fortson further specifically objects to this this request because it is vague, ambiguous, and overbroad, and therefore unduly burdensome, in that it is unlimited as to time. Mr. Fortson further specifically objects to this request because its definitions of Dechert LLP and ENRC are vague, ambiguous, and overbroad. Mr. Fortson further specifically objects to this request because it is compound. Mr. Fortson further specifically objects to this request as duplicative of other requests propounded by ENRC.

REQUEST FOR PRODUCTION NO. 2

All documents describing, reflecting, or constituting communications between Dechert LLP and ENRC, and all documents constituting transmittals or containing any discussion of such communications.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Mr. Fortson incorporates by reference the above General Objections. Mr. Fortson further specifically objects to this request to the extent that it calls for information and/or documents protected by the reporters' privilege under the First Amendment to the United States Constitution and the California Constitution; the California shield law (Article I, § 2(b) of the California Constitution and California Evidence Code § 1070); the common law; and related protections

-4-

under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information. Mr. Fortson further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. Mr. Fortson further specifically objects to this request to the extent that it includes material that is confidential, proprietary, and/or invasive of personal privacy. Mr. Fortson further specifically objects to this request to the extent that it seeks documents that are not relevant to the subject matter of the contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence. Mr. Fortson further specifically objects to this request to the extent that it seeks documents not in his possession, custody, or control; documents that already are in ENRC's possession, custody, or control; and/or documents that are accessible to ENRC through other sources.

    Mr. Fortson further specifically objects to this this request because it is vague, ambiguous, and overbroad, and therefore unduly burdensome, in that it is unlimited as to time. Mr. Fortson further specifically objects to this request because its definitions of Dechert LLP and ENRC are vague, ambiguous, and overbroad. Mr. Fortson further specifically objects to this request because it is compound. Mr. Fortson further specifically objects to this request as duplicative of other requests propounded by ENRC.

    Mr. Fortson expressly reserves all other objections to the Subpoena, and these objections are made without waiver of any other defects in the service or in the Subpoena itself.

DATED: May 21, 2018            DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
DAN LAIDMAN

By:/s/ *Thomas R. Burke*
      Thomas R. Burke

Attorneys for Non-Party Journalist
DANNY FORTSON

## PROOF OF PERSONAL SERVICE BY HAND DELIVERY
### (Secretary)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

☒ **(PERSONAL DELIVERY)** On May 21, 2018, I caused to be hand-served through **Apex Attorney Services** the foregoing document described as: **OBJECTIONS OF NON-PARTY JOURNALIST DANNY FORTSON TO DEPOSITION SUBPOENA AND DEMAND FOR PRODUCTION OF DOCUMENTS** on the party referenced on the attached Service List.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on May 21, 2018, at Los Angeles, California.

_Ellen Duncan_                        _Ellen Duncan_ (signature)
Print Name                            Signature

**APEX ATTORNEY SERVICES**

_Wil Gutierrez_                       _(signature)_
Print Name                            Signature

## Service List

| Service Type | Counsel Served | Party |
|---|---|---|
| **Personal Service** | Dilan A Esper, Esq.<br>HARDER LLP<br>132 South Rodeo Drive, Fourth Floor<br>Beverly Hills, CA 90212<br>Tel: 424-203-1600<br>Email: desper@harderllp.com | *Eurasian Natural Resources Corporation LTD.* |

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400

## PROOF OF PERSONAL SERVICE BY HAND DELIVERY
(Secretary)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

☒ **(PERSONAL DELIVERY)** On May 21, 2018, I caused to be hand-served through **Apex Attorney Services** the foregoing document described as: **OBJECTIONS OF NON-PARTY JOURNALIST DANNY FORTSON TO DEPOSITION SUBPOENA AND DEMAND FOR PRODUCTION OF DOCUMENTS** on the party referenced on the attached Service List.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on May 21, 2018, at Los Angeles, California.

_____        _____
Ellen Duncan                                            Signature
Print Name

**APEX ATTORNEY SERVICES**

_____        _____
Gonzalo Lazalde                                         Signature
Print Name

PROOF OF SERVICE

## Service List

| Service Type | Counsel Served | Party |
|---|---|---|
| **Personal Service** | H. Joseph Escher III, Esq.<br>DECHERT LLP<br>One Bush Street, Suite 1600<br>San Francisco, CA 94104<br>Tel: (415) 262-4500<br>Email: h.joseph.escher@dechert.com | *Dechert LLP* |

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine, LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On May 21, 2018, I served the following document(s): **OBJECTIONS OF NON-PARTY JOURNALIST DANNY FORTSON TO DEPOSITION SUBPOENA AND DEMAND FOR PRODUCTION OF DOCUMENTS** by placing a **true copy** in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Dilan A. Esper, Esq.<br>Charles John Harder, Esq.<br>HARDER LLP<br>132 South Rodeo Drive, Fourth Floor<br>Beverly Hills, CA 90212<br>Tel: (424) 203-1600<br>Email: desper@harderllp.com<br><br>Attorneys for<br>***Eurasian Natural Resources Corp., Ltd.*** | H. Joseph Escher III, Esq.<br>DECHERT LLP<br>One Bush Street, Suite 1600<br>San Francisco, CA 94104<br>Tel: (415) 262-4500<br>Email: h.joseph.escher@dechert.com<br><br>Benjamin E. Rosenberg, Esq.<br>(Pro Hac Pending)<br>DECHERT LLP<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Tel: (212) 698-3622<br><br>Attorneys for ***Dechert LLP*** |

☒ (VIA U.S. MAIL) I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on May 21, 2018, at Los Angeles, California.

Ellen Duncan
Print Name

Signature

Proof of Service
4818-2923-9142v.1 0045750-000006